IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| J.N., et al., | Case No. 6:19-cv-00096-AA |
| Plaintiffs, | **OPINION AND ORDER** |
| vs. | |
| OREGON DEPARTMENT OF EDUCATION, et al., | |
| Defendants. | |

AIKEN, District Judge:

This case comes before the Court on Plaintiffs' Unopposed Motion for Leave to File Under Seal (doc. 77). For the reasons that follow, plaintiffs' motion is GRANTED.

## BACKGROUND

Plaintiffs J.N., E.O., J.V., B.M., and the Council of Parent Attorneys and Advocates filed a redacted Report of Albert William Greenwood, Ph.D. (doc. 66, ex 2) (the "Greenwood Report") in support of their Motion to Certify the Class (doc. 64). Dr. Greenwood is a licensed psychologist who reviewed the educational programs and

services provided to the named plaintiffs, identify ways that supports might be improved for the named plaintiffs, and to comment on ways that defendant Oregon Department of Education could support the school districts that serve the named plaintiffs. The Greenwood Report summarizes Dr. Greenwood's review and findings. Plaintiffs seek leave from this Court to file an unredacted version of the report under seal. Plaintiffs certify that defendants have reviewed the proposed redactions and do not oppose the motion.

## STANDARDS

There is a presumptive right of public access to court records. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). That right is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted).

Parties seeking to seal documents in a dispositive motion must thus meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The "compelling reasons" test requires showing more than just "good cause." *Id.* This standard applies even if the motion or its attachments were previously filed under seal or protective order. *Id.* at 1179.

The Ninth Circuit has "carved out an exception" to the compelling reasons standard for documents produced in discovery and documents not attached to a dispositive motion. *Foltz*, 331 F.3d at 1135 (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). To seal such documents, the moving party need only provide "good cause" to show, *San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999), that "specific prejudice or harm will result." *Phillips*, 307 F.3d at 1210–11 (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Importantly, however, the Ninth Circuit has interpreted the terms "dispositive" and "non-dispositive" loosely when determining which standard to apply. *Ctr. for Auto Safety*, 809 F.3d at 1098 ("To only apply the compelling reasons test to the narrow category of dispositive motions goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events.") (internal quotation marks omitted). Therefore, when the sealed material "is more than tangentially related to the underlying cause of action," the "compelling reasons" standard applies. *Id.* at 1099.

## DISCUSSION

Plaintiffs' motion to certify is more than tangentially related to the merits of the case; accordingly, plaintiffs' motion to seal is subject to the compelling reasons

standard. Plaintiffs contend that the unredacted version of the Greenwood Report should be filed under seal because it includes biographical, educational, and medical information that could be used to identify the named plaintiffs, who are minor children. Plaintiffs made 55 one-to-two-word redactions to the publicly filed version of the Greenwood Report. The redacted information includes the named plaintiffs' hometowns and counties, doc. 66 ex 2 pp. 9, 16, 23, 30; schools they have attended, *id.* at 10, 16, 31, 32; programs they have been placed in, *id.* at 9, 10, 14, 30, 40, 41; school districts where plaintiffs have attended school, *id.* at 10, 14, 16, 23, 24, 30, 31, 32, 38, 39, 40; and school staff who have worked with plaintiffs, *id.* at 39.

The Court finds compelling reasons to seal these portions of the Greenwood Report—protecting the privacy of minor children involved in federal litigation, including suits, such as this one, brought to enforce the plaintiff's rights under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.*. *See* 20 U.S.C. §§ 1417(c) (requiring the Secretary to "ensure the protection of the confidentiality of any personally identifiable data, information, or records, collected or maintained . . . pursuant to" the IDEA); 1412(a)(8) (requiring states receiving federal funds through the IDEA to ensure that state agencies comply with the confidentiality provision in section 1417(c)); Fed. R. Civ. P. 5.2(a) (requiring redaction of "the name of an individual known to be a minor" from court filings). Although the Greenwood Report does not include the named plaintiffs' full names, both versions of the report include each child's age, disabilities, educational history, and details of each student's educational and behavioral assessments and Individual Education

Plans. With this information and the redacted information, it would be easy to identify the named plaintiffs.

The Court also finds that the requested redactions are narrowly tailored to balance the named plaintiffs' privacy and the public's access to judicial records. Plaintiffs redacted only information necessary to protect the names plaintiffs' identities from public disclosure and left most of the Greenwood Report accessible to the public. Accordingly, the Court concludes that plaintiffs' requested protective order is necessary.

## CONCLUSION

Plaintiffs' Unopposed Motion for Leave to File Under Seal (doc. 77) is GRANTED.

IT IS SO ORDERED.

Dated this 5th day of February 2020.

*Ann Aiken*
Ann Aiken
U.S. District Judge