ELLEN F. ROSENBLUM
Attorney General
DARSEE STALEY #873511
Senior Assistant Attorney General
NINA R. ENGLANDER #106119
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Darsee.Staley@doj.state.or.us
        Nina.Englander@doj.state.or.us

Attorneys for Defendants Oregon Department of Education, Colt Gill and Katherine Brown

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.N., et al., | Case No.  6:19-cv-00096-AA |
| Plaintiffs, | DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT |
| v. | |
| OREGON DEPARTMENT OF EDUCATION, et al., | |
| Defendants. | |

In response to plaintiffs' Complaint (ECF No. 1), defendants admit, deny, and allege as follows:

1.

In response to paragraph 1, defendants admit that some children with disabilities in Oregon receive less than the typical six hours of instructional time also known as an abbreviated school day and that children with disabilities are afforded rights under state and federal law. Defendants deny the remaining allegations, if any, and the legal conclusions require no response.

2.

In response to paragraph 2, defendants admit that an abbreviated school day may be appropriate to accommodate medical conditions that limit a student's ability to attend school

Page 1 -    DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT
38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

safely and productively.  Defendants deny the remaining allegations, if any, and the legal conclusions require no response.

3.

In response to paragraph 3, defendants admit that a full day of instruction is typically six hours in Oregon public schools and that an IEP team may place a student on an abbreviated school day based on a student's individualized circumstances.  Defendants lack sufficient knowledge of the children or students referred to in the remaining allegations to admit or deny such generalized and categorical allegations and on this basis deny them.

4.

In response to paragraph 4, defendants incorporate their response to paragraph 3 on the grounds that "these children" appears to be a reference to paragraph 3.

5.

In response to paragraph 5, defendants admit that in individualized circumstances an improper abbreviated school day program may result in one or more of the consequences described.  Defendants deny the remaining allegations, if any.

6.

Paragraphs 6 and 7, including footnote 1, contain only legal conclusions and opinions that require no response.

7.

Paragraphs 8-11 contain only legal conclusions that require no response.

8.

Paragraph 12 contains only legal conclusions that requires no response.  To the extent that paragraph 12 contains any allegations of material fact, they are denied.

9.

In response to the first three sentences of paragraph 13, including footnote 2, defendants admit that the Oregon Department of Education ("ODE") issued Executive Numbered Memorandum 009-2015-16 - Reduced School Days.  Defendants deny any allegations that are

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

inconsistent with Executive Numbered Memorandum 009-2015-16, which is the best evidence of its contents and speaks for itself. Defendants admit that the Oregon Legislative Assembly passed Senate Bill 263 addressing abbreviated school days, that the statute is codified at Or. Rev. Stat. § 343.161, and that the statute became effective on July 1, 2017. Defendants deny any allegations that are inconsistent with the statute, which is the best evidence of its contents and speaks for itself. In response to the fourth sentence of paragraph 13, including footnote 3, defendants admit the existence of the documents identified and deny any allegations that are inconsistent with the documents, which are the best evidence of their content and speak for themselves; and defendants admit that ODE maintains a dispute resolution committee and that the topic of abbreviated school days has come up during committee meetings. In response to the fifth sentence of paragraph 13, defendants admit that ODE maintains a state administrative complaint process compliant with the mandate of the IDEA and has issued final orders as a result of the state administrative complaint process, including applicable appropriate corrective action. Defendants deny the remaining allegations of paragraph 13, if any.

10.

In response to paragraph 14, defendants incorporate their response to paragraph 13 on the grounds that "these policies and practices" appears to be a reference to paragraph 13. Defendants deny the remaining allegations, if any, and the legal conclusions and opinions require no response.

11.

The first sentence of paragraph 15, including footnote 4, contains only legal conclusions that require no response. In response to the second sentence of paragraph 15, defendants admit that the Council of Parent Attorneys and Advocates, Inc. ("COPAA") is a non-profit organization and are without knowledge sufficient to form a belief as to whether COPAA's members include parents of, attorneys for, or advocates of members of the putative class, and on this basis deny the same.

*///*

Page 3 -    DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT
38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

12.

In response to paragraph 16, defendants deny the allegations of fact, if any, and deny that the complaint has identified a legal class or stated a claim for a class of plaintiffs. The legal conclusions of paragraph 16 require no response.

13.

Defendants admit the allegations in paragraph 17 as of the date of the complaint.

14.

In response to paragraph 18, defendants admit that, as of the date of the complaint, plaintiff E.O. purported to assert this action through his next friend, Alisha Overstreet. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and on this basis deny them.

15.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 19 and on this basis deny them. Defendants admit the remaining allegations in paragraph 19 as of the date of the complaint.

16.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 20 and on this basis deny them. Defendants admit the remaining allegations in paragraph 20 as of the date of the complaint.

17.

Defendants admit the allegations in paragraph 21 as of the date of the complaint.

18.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 22, 23 and 25 and on this basis deny them.

19.

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 24 and on this basis deny them. In response to the

38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

remainder of paragraph 24, defendants deny the allegations, if any, and the legal conclusions require no response.

20.

The first sentence of paragraph 26 contains only legal conclusions that require no response.  In response to the second sentence of paragraph 26, defendants admit that the State of Oregon receives federal financial assistance.  The remainder of the second sentence of paragraph 26 contains only legal conclusions that require no response.  Defendants admit the allegations in the third sentence of paragraph 26.

21.

Defendants admit the allegations in the first and fourth sentences of paragraph 27.  The second, third and fifth sentences contain only legal conclusions that require no response.

22.

Defendants admit the allegations in the first and fourth sentences of paragraph 28.  The second, third and fifth sentences contain only legal conclusions that require no response.

23.

Paragraphs 29-31, including footnote 5, contain only legal conclusions that require no response.

24.

Defendants deny the allegations, if any, in the first sentence of paragraph 32 and the legal conclusions require no response.  In response to the second sentence, including footnote 6, defendants admit that the Statewide Report Card is posted online and deny any allegations inconsistent with the documentation, which is the best evidence of its contents and speaks for itself.  In response to the third sentence, defendants admit the clause describing Disability Rights Oregon (DRO), admit that DRO sent correspondence concerning abbreviated school days to ODE in November of 2015 and deny the allegations that are inconsistent with the correspondence which is the best evidence of its contents and speaks for itself.  In response to the fourth sentence, defendants admit that Families and Communities Together is an advocacy

Page 5 -   DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT
38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

organization that has operated a telephone service to assist parents in Oregon.  Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence as of the date of the complaint and on this basis deny them.

25.

Paragraphs 33-36 contain only legal conclusions that require no response.  To the extent that paragraphs 33-36 contain any allegations of material fact, they are denied.

26.

Paragraphs 37-47, including footnotes 7 and 8, contain only legal conclusions that require no response.

27.

Defendants deny the allegations in paragraph 48, and the legal conclusions require no response.

28.

In response to paragraph 49, defendants admit that some students with disabilities require an abbreviated school day to accommodate medical needs and that some students require an abbreviated school day for behavioral or other reasons, and that an individualized assessment is required by the IDEA.  Defendants deny the remaining allegations, if any, and the legal conclusions require no response.

29.

Defendants deny the allegations in paragraph 50.

30.

Defendants deny the allegations in paragraph 51 to the extent they assume the truth of the allegations of paragraph 50, which are denied.  Defendants admit that in the abstract there are academic and non-academic benefits to inclusion and admit that individualized assessment of each eligible student is required by the IDEA.

///

///

38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

31.

In response to paragraph 52, defendants admit that, as a general matter, an improper individualized education plan for a student may have negative impacts on that student. Defendants lack sufficient knowledge of unidentified students to compare their individual circumstances to plaintiff B.M.'s individual circumstances and on this basis deny the allegations and, additionally, incorporate their responses to paragraphs 91-104 concerning the individual circumstances of plaintiff B.M.  Defendants deny the remaining allegations, if any.

32.

In response to paragraph 53, defendants admit that the ODE issued Executive Numbered Memorandum 009-2015-16 - Reduced School Days, that the legislature passed SB 263 in 2017 and that the Board of Education adopted Or. Admin. Rule § 581-023-0006 (97) (b) (D). Defendants deny any allegations that are inconsistent with these documents, which are the best evidence of their contents and speak for themselves.  The remainder of paragraph 53 contains only legal conclusions and opinions which require no response.  To the extent the remainder of paragraph 53 contains any allegations of material fact, defendants deny them.

33.

Defendants deny the allegations in paragraph 54 and the legal conclusions require no response.

34.

Paragraphs 55-66 allege specific and individualized factual circumstances concerning plaintiff J.N. as of the date of the complaint.  Defendants' knowledge of plaintiff J.N.'s individualized circumstances is based on information, including confidential information, documented in the complaint investigation record, which documents are the best evidence of their contents and speak for themselves.  Defendant deny any allegations inconsistent with the documents and otherwise lack sufficient knowledge to admit or deny the specific allegations in these paragraphs with regard to plaintiff J.N. and on this basis deny them.

38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

35.

Paragraphs 67-78 allege specific and individualized factual circumstances concerning plaintiff E.O. as of the date of the complaint. Defendants lack sufficient knowledge to admit or deny the specific allegations in these paragraphs with regard to plaintiff E.O. and on this basis deny them.

36.

Paragraphs 79-90 allege specific and individualized factual circumstances concerning plaintiff J.V. as of the date of the complaint. Defendants lack sufficient knowledge to admit or deny the specific allegations in these paragraphs with regard to plaintiff J.V. and on this basis deny them.

37.

Paragraphs 91-104 allege specific and individualized factual circumstances concerning plaintiff B.M. as of the date of the complaint. Defendants' knowledge of plaintiff B.M.'s individualized circumstances is based on information, including confidential information, documented in the complaint investigation record, which documents are the best evidence of their contents and speak for themselves. Defendants deny any allegations inconsistent with those documents and otherwise lack sufficient knowledge to admit or deny the specific allegations in these paragraphs with regard to plaintiff B.M. and on this basis deny them.

38.

Paragraph 105 contains legal conclusions that require no response. To the extent that paragraph 105 contains any allegations of material fact, they are denied.

39.

In response to paragraph 106, defendants admit that ODE issued Executive Numbered Memorandum 009-2015-16 - Reduced School Days and admit that DRO had contacted ODE to express its views about abbreviated school days prior to the issuance of the Memorandum. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations and on this basis deny them.

Page 8 -    DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT
38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

40.

In response to paragraph 107, defendants admit that the legislature passed Senate Bill 263 in 2017, codified at O.R.S. § 343.161. The remaining legal conclusions and opinions require no response.

41.

In response to paragraph 108, defendants admit that, between 2008 and 2019, the ODE has issued 282 final orders on state complaints, of which 36 (or just under 13 percent) resulted in a specific finding regarding alleged improper use of abbreviated school days, and that 16 allegations were substantiated. Defendants deny the remaining allegations in paragraph 108, except that defendants lack sufficient knowledge to admit or deny what "fraction" of reports to advocates were submitted by parents, students or others to the IDEA-mandated administrative review processes and on this basis deny the final clause of paragraph 108.

42.

In response to paragraph 109, including footnote 9, defendants admit that ODE issued the final order identified in footnote 9 simultaneously with three other orders as a result of the filing of complaints in the state administrative complaint process and deny any allegations that are inconsistent with these four written decisions, which are the best evidence of their contents and speak for themselves. Defendants deny that ODE resolves filed complaints without issuing a written order. Defendants deny the remaining allegations, if any, and the legal conclusions require no response.

43.

Response to paragraph 110, including footnote 10, defendants admit that the U.S. Department of Education, Office of Civil Rights (OCR) has forwarded complaints concerning the conduct of Oregon school districts to ODE in the past but lacks sufficient knowledge to know whether every complaint received by OCR, or the complaints generally described in paragraph 110, were forwarded to ODE, and on this basis deny the remaining allegations concerning complaints allegedly forwarded to ODE. Defendants admit that the links in footnote 10 lead (or

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

formerly led) to letters referring to a voluntary settlements and agreements not attached to the letters (as linked). Defendants deny the allegations that are inconsistent with the letters and the agreements which are the best evidence of their contents and speak for themselves. Defendants deny the remaining allegations, if any, and the legal conclusions require no response.

44.

In response to paragraph 111, including footnote 11, defendants admit that footnote 11 contains links to published material and deny any allegations that are inconsistent with the written material, which is the best evidence of its contents and speaks for itself. Defendants deny the remaining allegations, if any.

45.

Defendants deny the allegations in paragraph 112, if any, and the legal conclusions require no response.

46.

Paragraph 113 characterizes Executive Numbered Memorandum 009-2015-16 and Oregon Administrative Rules. Defendants deny any allegations that are inconsistent with the written documents, which are the best evidence of their contents and speak for themselves.

47.

Paragraphs 114-115 contain only legal conclusions that require no response.

48.

Defendants deny the allegations in the first sentence of paragraph 116. In response to the second sentence of paragraph 116, including footnote 12, defendants admit that the footnote contained a link to an article in the Register Guard as of the date of the complaint, which article would be the best evidence of its contents and speaks for itself (the link was not active as of the date of this answer). Defendants deny the remaining allegations, if any.

49.

The allegations in paragraph 117, including footnotes 13 and 14, purport to characterize Senate Bill 263, Executive Numbered Memorandum 009-2015-16, a report drafted by the Safe

Page 10 -  DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

and Effective Schools for ALL Committee and minutes from a meeting of the Joint State
Advisory Council for Special Education and State Interagency Coordinating Council.
Defendants deny any allegations that are inconsistent with these documents, which are the best
evidence of their contents and speak for themselves.  Defendants deny the remaining allegations,
if any, and the legal conclusions require no response.

50.

In response to the first sentence of paragraph 118, defendants admit that the school
district self-assessments in compliance with the IDEA do not require review of every student file
in every self-assessment period and deny the remaining allegations, if any.  In response to the
second sentence, defendants incorporate their response to paragraph 109.  The remainder of
paragraph 118 comprises plaintiffs' opinions and conclusions which require no response.  To the
extent the remainder contains any allegations of material fact, defendants deny them.

51.

Paragraph 119 contains only legal conclusions and opinions which require no response.
In response to footnote 15, defendant admits that ODE issued the referenced final order as a
result of the state administrative complaint process, that it maintains an IDEA-compliant
administrative complaint process and funds a process for independent resolution of due process
complaints, and that it complies with the ADA requirements for a discrimination claim process.
Defendants deny any allegations that are inconsistent with the order and the citations identified
in footnote 15, which are the best evidence of their contents and speak for themselves.
Defendants deny the remaining allegations in footnote 15, if any, and the legal conclusions
require no response.

52.

Paragraph 120 contains legal conclusions and opinions that require no response. To the
extent that paragraph 120 contains any allegations of material fact, they are denied.

///

///

Page 11 -  DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT
38992348
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

53.

Paragraph 121 appears to be summarizing or offering opinions concerning an administrative complaint process complaint and outcome and, if so, defendants deny any allegations that are inconsistent with the documents in that matter, which are the best evidence of the complaint, the process, and the outcome, and speak for themselves. Defendants deny the remaining allegations in paragraph 121, if any.

54.

The first and third sentences of paragraph 122 contain only legal conclusions that require no response. To the extent they contain allegations of material fact, defendants deny them. In response to the second sentence of paragraph 122, defendants admit that ODE issued a final order as a result of the administrative complaint process and ordered corrective action, which documents are the best evidence of their contents and speak for themselves. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence as of the date of the complaint and on this basis deny them.

55.

Paragraph 123 contains legal conclusions and opinions that require no response. To the extent that paragraph 123 contains any allegations of material fact, they are denied. ///

56.

Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of paragraph 124 and on this basis deny them.

57.

Defendants deny the first sentence of paragraph 125. The remainder purports to characterize written correspondence between an attorney for plaintiff B.M., the school district and ODE. Defendants deny any allegations that are inconsistent with the written correspondence, which is the best evidence of its contents and speaks for itself. Defendants deny the remaining allegations, if any.

38992348

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

58.

Paragraph 126, including footnote 16, purports to characterize a constituent report submitted by FACT Oregon.  Defendants deny any allegations that are inconsistent with this report, which is the best evidence of its contents and speaks for itself.

59.

Paragraph 127 contains legal conclusions and opinions that require no response. To the extent that paragraph 127 contains any allegations of material fact, they are denied.

60.

In response to paragraph 128, defendants admit that state agency representatives met with local stakeholders in June, August and September 2018 and deny the remainder.

61.

Paragraph 129 contains legal conclusions and opinions that require no response. To the extent that paragraph 129 contains any allegations of material fact, they are denied.

62.

In response to paragraph 130, defendants incorporate by reference the foregoing responses to paragraphs 1-129.

63.

Paragraph 131 contains legal conclusions that require no response.  To the extent that paragraph 131 contains allegations of fact, defendants admit that plaintiff B.M. and plaintiff J.N. were determined to be eligible for Special Education on June 22, 2017, and June 4, 2018, respectively, and lack knowledge sufficient to form a belief as to the truth of any remaining allegations as of the date of the complaint and on this basis deny them.

64.

Paragraphs 132-133 contain only legal conclusions that require no response.

65.

In response to paragraph 134, defendants incorporate by reference the foregoing responses to paragraphs 1-133.

38992348

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

66.

Paragraph 135 contains legal conclusions that require no response.  To the extent that paragraph 135 contains allegations of fact, defendants lack knowledge sufficient to form a belief as to the truth of the allegations as of the date of the complaint and on this basis deny them.

67.

Paragraphs 136-140 contain only legal conclusions that require no response.

68.

In response to paragraph 141, defendants incorporate by reference the foregoing responses to paragraphs 1-140.

69.

Paragraph 142 contains legal conclusions that require no response.  To the extent that paragraph 142 contains allegations of fact, defendants lack knowledge sufficient to form a belief as to the truth of the allegations as of the date of the complaint and on this basis deny them.

70.

Paragraph 143 contains only legal conclusions that require no response.

71.

Defendants admit the allegations in the first sentence of paragraph 144.  In response to the second sentence, defendants admit that defendant Brown and defendant Gill have the authority and responsibility assigned to their respective offices by applicable law and deny any allegations inconsistent with the applicable law, which is the best evidence of its content and speaks for itself.

72.

Paragraph 145, and paragraph 2 on page 48 of the complaint, contain only legal conclusions that require no response.

73.

Defendants deny that plaintiffs are entitled to the relief requested.

Page 14 -  DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

74.

Defendants deny each and every allegation in the complaint and the whole thereof, except as expressly admitted in this Answer.

**FIRST AFFIRMATIVE DEFENSE**

75.

The complaint fails to allege facts supporting a class or a class claim.

WHEREFORE, having fully answered plaintiffs' complaint, defendants pray for a judgment in favor of defendants against plaintiffs, dismissing the complaint in its entirety and awarding defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED March 11, 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Darsee Staley*
DARSEE STALEY #873511
Senior Assistant Attorney General
NINA R. ENGLANDER #106119
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Darsee.Staley@doj.state.or.us
Nina.Englander@doj.state.or.us
Of Attorneys for Defendants

38992348

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000