ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
Senior Assistant Attorney General
NINA R. ENGLANDER #106119
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.state.or.us
          Nina.Englander@doj.state.or.us

Attorneys for Defendants Oregon Department of Education, Colt Gill and Katherine Brown


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.N., by and through his next friend, Cheryl Cisneros, E.O., by and through his next friend, Alisha Overstreet; J.V., by and through his next friend, Sarah Kaplansky; B.M. by and through his next friend, Traci Modugno; on behalf of themselves and all others similarly situated, and<br><br>COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC.,<br><br>       Plaintiffs,<br>   v.<br><br>OREGON DEPARTMENT OF EDUCATION,<br><br>COLT GILL, in his official capacities as Director of Oregon Department of Education and Deputy Superintendent of Public Instructions for the State of Oregon, and<br><br>KATHERINE BROWN, in her official capacities as Governor and Superintendent of Public Instruction for the State of Oregon,<br><br>      Defendants. | Case No.  6:19-cv-00096-AA<br><br>REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS |

Page 1 -   REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION[1]

Plaintiffs have consistently represented that exhaustion does not apply in this case because their claims—which all seek redress for denial of FAPE—are based on the "systemic" exception (and related "futility" exception) to that doctrine.  Based on that representation, Defendants waived their affirmative defense of exhaustion, while expressly preserving their right to argue that "Plaintiffs' claims fail as a matter of law."  ECF No. 131 at p. 1.  Defendants did not waive any argument that Plaintiffs' claims fail as a matter of law, nor did they (or could they) waive the embedded jurisdictional requirements for pleading a systemic IDEA claim—namely, that Plaintiffs' *injury* stem from a state policy that affirmatively runs afoul of the IDEA.  The standard for stating a systemic IDEA claim set out in the Ninth Circuit's recent decision in *Martinez v. Newsom,* 46 F.4th 965 (9th Cir. 2022), necessarily incorporates standing jurisprudence (in holding that the alleged harm must be caused by specific types of actions) in addition to articulating the elements for pleading such a claim.  Because the Complaint does not satisfy these requirements articulated in *Martinez,* it fails as a matter of law and should be dismissed.

To survive Defendants' motion, Plaintiffs continue to rely on the same body of case law upon which they relied before *Martinez.*  But none of these cases indicate that the Ninth Circuit had previously recognized the systemic negligence-based claim for denial of FAPE that Plaintiffs allege here, and the Ninth Circuit has now expressly rejected that theory of liability.

To be clear, the Ninth Circuit has recognized only two avenues for liability under the IDEA.  First, a plaintiff may seek redress by exhausting her administrative remedies followed by a lawsuit in state or federal court if unhappy with the resolution of the dispute through exhaustion.  Second, a plaintiff may seek relief via one of the exceptions to exhaustion—here, the systemic and futility exceptions.  There is no third lane providing for a stand-alone

---

[1] Acronyms used herein are as defined in Defendants' motion for judgment on the pleadings at ECF No. 165.

Page 2 -    REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
643236827

negligence-based systemic claim that exists separate and apart from either exhaustion or one of its exceptions.  To state a systemic claim via the second "exception" avenue, the Ninth Circuit has made clear that such a claim must allege an affirmative state policy that runs afoul of the IDEA; negligence and/or bad results are not enough.  In other words, a plaintiffs' harm must result directly from an affirmative state policy that itself denies FAPE in violation of the IDEA.  Because the Complaint does not so allege, the IDEA claim fails as a matter of law.  The futility exception does not save that claim, because under that exception Plaintiffs' injury must be caused by an otherwise cognizable basis for relief.

Finally, because the crux of Plaintiffs' ADA and RA claims is also denial of FAPE, those claims fail for the same reasons the IDEA claim fails.

## II.    ARGUMENT

### A.    Plaintiffs' systemic IDEA claim originates from and turns on the requirements for pleading the systemic exception to exhaustion.

The Ninth Circuit has recognized two avenues for liability under the IDEA: (1) through exhaustion; or (2) through an exception to exhaustion.  The Ninth Circuit has not recognized any stand-alone negligence-based systemic IDEA claim that exists independent from either of these two avenues, and it is has now expressly rejected such a basis for liability under the IDEA.

#### 1.    Redressing denial of FAPE through exhaustion.

Defendants' motion for judgment on the pleadings describes the process for exhaustion in Oregon.  *See* ECF No. 165 at pp. 7-9.  Exhaustion is not a mere formality.  It affords agencies an opportunity to address and correct issues without the need for judicial intervention.  *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992) ("Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children.").  That is particularly true under the IDEA, which requires exhaustion for any injury that can be

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"redressed 'to any degree' by the IDEA's administrative procedures . . . or if the IDEA's ability to remedy an injury is unclear[.]" *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1168 (9th Cir. 2007). A party unsatisfied with the resolution through exhaustion may file a suit in state or federal court to further challenge that resolution. *Martinez*, 46 F.4th at 973.

### 2. Redressing denial of FAPE through an exception to exhaustion.

Second, and as an alternative to exhaustion, a plaintiff may seek redress for denial of FAPE through an exception to exhaustion, such as by way of a pleading and proving a "systemic" IDEA claim. The Ninth Circuit analyzes the systemic exception by requiring a direct nexus between the alleged injury to an affirmative state policy: "After canvassing our precedent, we conclude that to fall within the systemic exception, a plaintiff must, at a minimum, identify an 'agency decision, regulation, or other binding policy' that caused his or her injury." *Martinez v. Newsom*, 46 F.4th 965, 974 (9th Cir. 2022). Allegations of negligence or bad results are insufficient to plead or prove such an injury. *Id.*

If, as Plaintiffs contend, a negligence-based systemic IDEA claim were viable on its own, independent from how it is doctrinally analyzed as an exception to exhaustion, a different or more stringent "systemic" exception to exhaustion would be completely unnecessary. *Martinez* thus controls here: To state a systemic IDEA claim, the Complaint must allege facts sufficient to show an affirmative state policy, decision, or regulation that itself violates the IDEA.

### B. Defendants have not and could not have waived the requirement that the Complaint plead the injury in fact required for a systemic claim.

While Defendants' waived exhaustion as an affirmative defense, they did not waive the injury in fact requirement to sustain their systemic IDEA claim. *See, e.g., Board of Natural Resources v. Brown*, 992 F.2d 937, 945 (9th Cir.1993) ("The jurisdictional element of standing must be met in every case, and we must satisfy ourselves that this element exists even if no party to the action raises a doubt regarding its presence."). To prove constitutional Article III standing, the litigant must "show that he personally has suffered some actual or threatened *injury* as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to

Page 4 -    REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

the challenged action, and is likely to be redressed by a favorable decision." *United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) (emphasis added).  A plaintiff must demonstrate standing for each claim she seeks to press *and for each form of relief sought*.  *Wash. Envtl. Council v. Bellon,* 732 F.3d 1131, 1139 (9th Cir. 2013).

As noted above and in Defendants' opening brief, the Ninth Circuit in *Martinez* explained that the requirements for stating a systemic IDEA claim turn on whether the alleged *injury* was caused by an affirmative state policy that itself violates the IDEA.  This injury requirement is a both a pleading requirement and a jurisdictional hurdle.  Defendants have not waived their ability to challenge whether Plaintiffs have pleaded a viable systemic claim, nor did they (or could they) waive their ability to challenge the jurisdictional aspect of those pleading requirements.[2]

**C.**     **The cases upon which Plaintiffs rely to support their systemic IDEA claim are mostly outside of the Ninth Circuit; in any event, they precede *Student A* and *Martinez*.**

Plaintiffs continue to rely on the same body of case law upon which they relied before *Student A* and *Martinez* were decided.  These cases are either outside the Ninth Circuit and/or precede *Student A* and *Martinez*, and many of them are otherwise inapposite because they were suits seeking redress for individual students or were directed at very specific state regulations or policies that on their face were alleged to run afoul of the IDEA's requirement that SEAs ensure that LEAs provide FAPE.

None of the cases Plaintiffs cite alter that *Martinez* now controls here with respect to the requirements for pleading a systemic IDEA claim for denial of FAPE. The Ninth Circuit has never recognized the type of negligence-based systemic claim Plaintiffs allege here and *Martinez*

---

[2] To the extent an affirmative defense related to exhaustion is required for Defendants to establish that the Complaint fails as a matter of law to plead a systemic IDEA claim (and it is not), good cause exists for Defendants to amend its answer to re-allege that affirmative defense. In August 2022, the Ninth Circuit recognized in *Martinez* that, before its decision, the systemic basis for an IDEA claim had been an "enigma."  *Martinez* established very clear, yet to be articulated parameters required for a systemic IDEA claim.  This new case provides good cause for Defendants to re-allege exhaustion as an affirmative defense.  No prejudice will result from allowing Defendants to do so.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

now forecloses such a claim.  Indeed, if a negligence-based systemic IDEA claim were viable on its own, the systemic exception to exhaustion would be superfluous.

Likewise, Plaintiffs cannot sustain their claims based on the alleged futility of exhaustion. Under that narrow exception to the exhaustion requirement, "exhaustion is not required if it would be futile or offer inadequate relief, or if the agency 'has adopted a policy or pursued a practice of general applicability that is contrary to the law.'" *Doe By & Through Brockhuis v. Arizona Dep't of Educ.*, 111 F.3d 678, 681 (9th Cir. 1997) (internal citations omitted).  "The party alleging futility or inadequacy of IDEA procedures bears the burden of proof." *Doe By & Through Brockhuis v. Arizona Dep't of Educ.*, 111 F.3d 678, 681 (9th Cir. 1997).  The alleged futility of exhaustion does not—and cannot—offer an alternate means to advance a claim that fails to allege a cognizable injury.

Here, Plaintiffs' underlying claims fail to allege a cognizable injury for the reasons elaborated above and explained in Defendants' original motion.  Plaintiffs therefore cannot rely on any claimed futility of exhaustion to support their claims following the decision in *Martinez*. The IDEA claim should, therefore, be dismissed because it fails as a matter of law to plead any claim for systemic relief and, as explained below, the Complaint fails to draw the requisite nexus between the alleged injury—denial of FAPE—and any affirmative state policy or decision that runs afoul of the IDEA.

**D.    The Complaint fails to state a systemic IDEA claim because it does not plead the requisite injury in fact—namely, that Plaintiffs' alleged harm was caused by a state policy that affirmatively violates the IDEA.**

As all of Plaintiffs' filings before Court to date, including the bulk of Plaintiffs' opposition to the motion for judgment on the pleadings illustrate, Plaintiffs' theory of liability in this case is and always has been negligence-based.  Indeed, in their opposition brief, Plaintiffs explain that the Complaint identifies "four broad-based deficiencies" with Oregon's educational system; namely:

Page 6 -    REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
643236827

(1) the *lack* of state-level policies or procedures to collect essential information regarding the school districts that impose shortened school days and may need further supervision and monitoring... (2) the State's *failure to proactively monitor* the districts' legal compliance and correct any noncompliance beyond simply operating its administrative complaint system…(3) the State's *failure to enforce* its own laws and policies and correct violations thereof … and (4) the State's *failure to provide needed resources, technical assistance, and training* to help districts support students effectively for the full school day.

Pls. Opp. Mot. J. Pleadings (ECF No. 170) at 13 (emphases added).[3]

On their face, these are allegations of negligence and inaction, and not allegations that an affirmative policy of the State violates the IDEA. *See also id.* at 24-25 ("The Complaint further alleges that …the State has perpetuated this discrimination by *failing to adequately* monitor LEA compliance with the law, enforce compliance beyond administering its complaint system, and provide needed technical assistance and supports to prevent noncompliance." (Emphasis added)); *id.* at 25 (challenging ODE's alleged "policy of r*efusing to* collect and analyze data on the use of shortened school days" (emphasis added)).

As ODE explained in its opening brief, Plaintiffs' allegations against ODE's 2016 Executive Memorandum and its school funding formula do not salvage their claim for systemic relief under the IDEA. *See* Mot. J. Pleadings (ECF No. 165) at 17-18. Plaintiffs challenge the 2016 Executive Memorandum on the basis that it *fails to* affirmatively provide services and guidance. *See* Comp. ¶ 53 ("[The 2016 Executive Memorandum] *fails to either effectively clarify* the limited circumstances under which such shortened days may be permissible or *provide supports* to help school districts educate students with behavioral needs for a full school day." (Emphasis added)); *id.* ¶¶ 113-14 (2016 Executive Memorandum is "*inadequate* to meet the State's statutory obligation to ensure that students with disability-related behaviors receive a free appropriate public education in the least restrictive environment for a full school day or its obligation under federal civil rights laws to ensure nondiscrimination against these

---

[3] Page number citations to the record refer to the PDF page number and not the internal pagination of the document cited.

Page 7 -    REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
643236827

students." (Emphasis added)).  These are allegations of negligence that do not constitute a cognizable systemic claim under the IDEA as articulated by *Martinez*.

With respect to the funding formula, Plaintiffs' sole allegation is that "the State's education funding formula rewards school districts that impose shortened school days by paying them the same amount for providing a student with one hour of tutoring as it would if that student had received a full day of instruction in school, creating a financial incentive to rely on shortened school days for students with challenging behaviors." Compl. ¶ 53 (citing O.A.R. 581-023-0006(7)(b)(D)).  The Complaint contains no allegations to explain how the funding formula affirmatively violates the IDEA, nor does it contain any well pleaded facts to connect the alleged deficiencies with the funding formula to Plaintiffs' alleged injury of denial of FAPE, as required under *Martinez*.   As such, Plaintiffs' opposition confirms that Plaintiffs' theory of liability in this case is negligence-based and, under *Martinez*, fails as a matter of law.

      **E.**    **Plaintiffs' ADA and RA claims fail for the same reasons the IDEA claim fails.**

As explained in Defendants' motion for judgment on the pleadings, the dispositive question here as to whether Plaintiffs' ADA and RA claims fail for the same reason their IDEA claim fails is whether the gravamen of the Complaint seeks redress for ODE's failure to provide FAPE.  *See Hawai'i Disability Rts. Ctr. v. Kishimoto,* 2022 WL 3915472, at *5–6 (D. Haw. Aug. 31, 2022) (citing *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017)).  The answer here is clearly yes.  Plaintiffs asserts a systemic claim directly under the IDEA for denial of FAPE and then inextricably tether their ADA and RA claims to that very same theory.  Moreover, Plaintiffs' allegations taken as a whole show that they seek redress solely for ODE's failure to provide a FAPE.  Therefore, the ADA and RA claims fail for the same reasons their claim for systemic claim for violation of the IDEA claim fails.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

III.    **CONCLUSION**

For the reasons set forth in Defendants' motion for judgment on the pleadings and further above, the Complaint should be dismissed because it fails as a matter of law.

DATED December 15 , 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Carla A. Scott*
CARLA A. SCOTT #054725
Senior Assistant Attorney General
NINA R. ENGLANDER #106119
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.state.or.us
Nina.Englander@doj.state.or.us
Of Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000