ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
Senior Assistant Attorney General
NINA R. ENGLANDER #106119
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Carla.A.Scott@doj.state.or.us
       Nina.Englander@doj.state.or.us

Attorneys for Defendants Oregon Department of Education, Colt Gill and Tina Kotek

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.N., by and through his next friend, Cheryl Cisneros, E.O., by and through his next friend, Alisha Overstreet; J.V., by and through his next friend, Sarah Kaplansky; B.M. by and through his next friend, Traci Modugno; on behalf of themselves and all others similarly situated, and<br><br>COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC.,<br><br>      Plaintiffs,<br>  v.<br><br>OREGON DEPARTMENT OF EDUCATION,<br><br>COLT GILL, in his official capacities as Director of Oregon Department of Education and Deputy Superintendent of Public Instructions for the State of Oregon, and<br><br>TINA KOTEK, in her official capacities as Governor and Superintendent of Public Instruction for the State of Oregon,<br><br>      Defendants. | Case No. 6:19-cv-00096-AA<br><br>DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT |

Page 1 -  DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
          MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| **Dr. Bateman's Investigation and Findings** | | |
| 1. The parties agreed to the criteria employed by neutral expert Dr. David Bateman, who gathered evidence regarding the use of Shortened School Days for disability-related behaviors ("SSD" or "SSDs") and sought to answer questions about the use of SSDs in Oregon. | Interim Settlement Agreement, ECF No. 157-1 at 4-5; Report of the Neutral Fact Finder, ECF No. 157-2 at 14-16 (discussing scope of the neutral expert's work). | Not material. |
| 2. During the 2018-2019 school year, at least 1029 Oregon students were placed on SSDs due to behavior issues. | *Id.* at 29. | The Neutral Expert Report states that "[i]n 2018-2019 there were 1029 students placed on SSD" with the caveat that "as these are baseline date on this topic, a conclusive answer cannot be determined." Neutral Expert Rep. at 29 (ECF No. 157-2 at 30).<br><br>As detailed in the State's evidence, ODE is rolling out a comprehensive framework to validate these numbers and prevent misuse of SSD in Oregon. Wells Decl. ¶¶ 24-30; Wetherell Decl. ¶¶ 5-17. |
| 3. During the 2019-2020 school year, at least 986 Oregon students were placed on SSDs due to behavior issues. | *Id.* at 29. | The Neutral Expert Report states that "In 2019-2020 there were 986 students placed on SSD" with the caveat that "as these are baseline date on this topic, a conclusive answer cannot be determined." Neutral Expert Rep. at 29 (ECF No. 157-2 at 30).<br><br>As detailed in the State's evidence, ODE is rolling out a comprehensive framework to validate these numbers and prevent misuse of SSD in |

Page 2 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
          MATERIAL FACT
765162237                          Department of Justice
                                   100 SW Market Street
                                   Portland, OR 97201
                            (971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| | | Oregon. Wells Decl. ¶¶ 24-30; Wetherell Decl. ¶¶ 5-17. |
| 4. Between 2017 and 2020, students in about 140 Oregon school districts were placed on SSDs. | *Id.* at 28, 33, 73 (Among the 185 of 197 Oregon school districts that responded to Dr. Bateman's survey, 128 reported SSD use. 57 school districts did not place any students on SSDs between 2017 and 2020). | Not disputed that the Neutral Expert Report made this finding.<br><br>As detailed in the State's evidence, ODE is rolling out a comprehensive framework to validate these numbers and prevent misuse of SSD in Oregon. Wells Decl. ¶¶ 24-30; Wetherell Decl. ¶¶ 5-17. |
| 5. Oregon schools collect insufficient data to indicate when an "informal removal" shortens a student's school day. | *Id.* at 47, 64. | ODE's abbreviated school day guidance expressly addresses informal removals, specifying that "<u>if a call is made to a parent/guardian to indicate their student is having behavioral difficulties, and the staff caller suggests or implies that the parent should come pick up the student, any time removed from school that results from that call should be documented as an Out-of-School Suspension (OSS)</u>." Wetherell Decl. Ex. 3 at CPAA-ODE-035322 (emphasis in original).<br><br>In addition, ODE is in the process of developing additional formal guidance on informal removals and improper use of exclusionary practices applied to students. ODE expects to roll out this guidance in May 2023. Wetherell Decl. ¶ 9. |
| 6. An "informal removal" is when a student is "taken out of the classroom and forced to remain elsewhere in the school | *Id.* at 47. | The Office of Special Education and Rehabilitative Services describes informal removal as follows: |

Page 3 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
           MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| without receiving any instruction, or when a school staff member or administrator calls a student's parent/guardian to come pick up the student and take him or her home because the student's behaviors are too difficult to handle." | | "Informal removal, although not defined in IDEA and its implementing regulations, means action taken by school personnel in response to a child's behavior that excludes the child for part or all of the school day, or even an indefinite period of time. These exclusions are considered informal because the school removes the child with a disability from class or school without invoking IDEA's disciplinary procedures. Informal removals are subject to IDEA's requirements to the same extent as disciplinary removals by school personnel using the school's disciplinary procedures. Informal removals include administratively shortened school days when a child's school day is reduced by school personnel, outside of the IEP Team and placement process, in response to the child's behavior." https://sites.ed.gov/idea/idea-files/qa-addressing-the-needs-of-children-with-disabilities-and-idea-discipline-provisions/#_Toc108604306 (last visited Apr. 13, 2023). |
| 7. Dr. Bateman found that informal removals were "being used very frequently" in Oregon. | *Id.* at 157-2, at 47, 6 | The Neutral Expert Report states that Informal Removal is "being used frequently with students with disabilities due to behavior difficulties," Neutral Expert Rep. at 47 (ECF No. 157-2 at 48), and recommends that ODE |

Page 4 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
          MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| | | "[i]ssue guidance on how to document Informal Removals," Neutral Expert Rep. at 6 (ECF No. 157-2 at 7). ODE has addressed this recommendation. Wetherell Decl. Ex. 3 at CPAA-ODE-035322.<br><br>ODE is in the process of developing additional formal guidance on informal removals and improper use of exclusionary practices. ODE expects to roll out this guidance in May 2023. Wetherell Decl. ¶ 9. |
| 8. Oregon students without disabilities typically receive six hours of daily instruction. | *Id.* at 157-2, at 11. | Not disputed. |
| 9. Students placed on SSDs sometimes receive just one or two hours of instruction each day. | *Id.* at 157-2, at 5. | Not disputed that the Neutral Expert Report made this finding.<br><br>As detailed in the State's evidence, ODE is rolling out a comprehensive framework to address this finding and prevent misuse of SSD in Oregon. Wells Decl. ¶¶ 24-30; Wetherell Decl. ¶¶ 5-17. |
| 10. Some students placed on SSDs do not attend school at all. | *Id.* at 63. | See response to ¶ 9. |
| 11. Very few students placed on SSDs receive any instruction outside of school. | *Id.* at 44. | See response to ¶ 9. |
| 12. A large number of students were placed on SSDs for multiple years. | *Id.* at 44. | See response to ¶ 9. |
| 13. Dr. Bateman identified students who remained on SSDs through the entire 2021-2022 school year | *Id.* at 63. | See response to ¶ 9. |

Page 5 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT

765162237

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| 14. For many students, placement on SSDs starts as early as kindergarten. | *Id.* at 44; accord ECF No. 66-2, at 12 (noting J.N. was placed on a one-hour-a-day SSD within one month of enrolling in kindergarten). | Not disputed that the Neutral Expert Report made this finding or that the ECF No. 66-2 at 12 supports the stated parenthetical.<br><br>As detailed in the State's evidence, ODE is rolling out a comprehensive framework to address this finding and prevent misuse of SSD in Oregon. Wells Decl. ¶¶ 24-30; Wetherell Decl. ¶¶ 5-17. |
| 15. Some students' SSDs were predetermined prior to their enrollment and before their school district had conducted an FBA, BIP, or added behavioral goals to the student's Individualized Education Program ("IEP"). | ECF No. 157-2, at 80. | See response to ¶ 9. |
| 16. Hundreds of students on SSDs did not have an IEP that listed or described SSDs anywhere. | *Id.* at 32 (chart), 33 ("significant differences between students with disabilities who are on SSDs and [the number who had] reasons for SSDs included in the IEP"). | The cited portion of the Neutral Expert Report does not support this finding. |
| 17. Most of the IEPs reviewed by Dr. Bateman did not include written plans regarding review of a student's placement on SSD. | *Id.* at 44 | ODE's abbreviated school guidance addresses the criteria recommended in the Neutral Expert Report, including 1) the relationship between SSDs and least restrictive environment; (2) how to calculate the amount of time a child is in school; (3) how to correctly document a student's setting particularly when a child is on SSD; (4) clarification that districts may not use transportation needs and/or administrative convenience to dictate the |

Page 6 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| | | timeframe of students with disabilities attendance; (5) how to document and report Informal Removals for partial school days; and (6) the use of Functional Behavioral Assessments, Behavior Implementation Plans and behavior goals. Wetherell Decl. ¶¶ 7-9. |
| 18. Many IEPs for students on SSDs have no BIP, and no behavioral goals for the student. | *Id.* at 46. | See response to ¶ 17. |
| 19. Dr. Bateman found no consistent provision of a re-entry plan for students placed on SSD, nor any IEP documented a student returning to a full-day of instruction. | *Id.* at 42, 44. | See response to ¶ 17. |
| 20. Dr. Bateman found no "sufficient guidance, training, or other resources and support provided by ODE to help districts understand the [Least Restrictive Environment] considerations and the role of the IEP team to ambitiously move students back to a full-day." | *Id.* at 6. | See response to ¶ 17. |
| 21. ODE leadership "consider[s] SSD as part of the continuum of placement options for students eligible for special education—rather than a temporary last resort with a cognizable plan to return to a full-day." | *Id.* at 45. | ODE's position, which is reflected in its guidance and training materials, is that SSDs should only be used in rare cases as a temporary intervention while staff develop a plan to provide appropriate services to students. Wetherell Decl. ¶ 8. |
| 22. ODE does not mandate trainings on "Shortened School Days (SSD), on how to prevent putting students on | *Id.* at 42, 59. | ODE mandates trainings based on needs identified through monitoring of school districts and noncompliance identified |

Page 7 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| SSD, or on how to ensure effective use of Functional Behavior Assessments (FBAs) and Behavior Intervention Plans (BIPs)." | | through dispute resolution. Wetherell Decl. ¶ 10. These mandatory trainings may include topics such as how to prevent putting students on inappropriate SSD, or on how to ensure effective use of Functional Behavior Assessments (FBAs) and Behavior Intervention Plans (BIPs). *Id.*; *see also* Jankowski Decl. ¶ 8. |
| 23. Voluntary trainings provided by ODE at the Coalition of School Administrator ("COSA") Conference "were not about how to prevent or change the SSD process." | *Id.* at 42-43. | This finding is not correct. ODE trainings specifically address the importance of early identification of challenging behaviors and early intervention with effective preventative strategies. Wetherell Decl. ¶ 10. |
| 24. Dr. Bateman found that there is no effective way for ODE to gather and monitor data on the use of SSD and a "need to increase monitoring of the use of SSD by ODE." | *Id.* at 43, 48, 55. | This finding is moot. ODE is currently gathering data and monitoring the use of SSD through several actions, including a short-term data collection (2022-23 school year), focused monitoring on SSD (2022-23 school year), and development of a long-term permanent data collection to begin in the 2023-24 school year. Wells Decl. ¶¶ 24-30. |
| 25. Dr. Bateman found "a lack of behavior support resources and training for teachers, administrators, and school staff," "the lack of mental health services and resources for districts to access and coordinate with to meet students' needs," and other | *Id.* at 53, 52. | This finding is moot. ODE is taking several actions to increase behavior support resources and training for frontline staff throughout the state, including rural areas. Wetherell Decl. ¶¶ 12-17. |

Page 8 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
         MATERIAL FACT
765162237                          Department of Justice
                                  100 SW Market Street
                                   Portland, OR 97201
                            (971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| staffing gaps in "rural areas and hard-to-fill positions across the state." | | |
| 26. School districts did not have a clear understanding from ODE regarding Senate Bill (S.B.) 263. | *Id.* at 58. | The cited portion of the Neutral Expert Report does not support this finding. |
| 27. Dr. Bateman made specific recommendations directed to ODE to implement to address the "prolific use of SSD throughout the state." | *Id.* at 6, 49-60, 63. | Consistent with the terms of the Interim Settlement Agreement, the Neutral Expert Report made advisory recommendations to ODE. ODE is actively implementing many of these recommendations. Wetherell Decl. ¶¶ 6-18; Wells Decl. ¶¶ 5, 24-30.<br><br>Plaintiffs' experts opined that some of the advisory recommendations were confusing, not useful, not implementable, and/or not a high priority. Englander Decl. Ex. 1 at 6 (Hess Dep. 22:8), *Id.* at 8 (Ex. 3 to Hess Dep.); Englander Decl. Ex. 2 (Greenwood Dep. 61:22-66:12, 67:25-69:10). |
| **Plaintiffs** | | |
| 28. Plaintiffs J.N. and B.M. still receive SSD placements. | Ex. 1 [J.N. Jan. 11, 2022 IEP] at PLTFS005122; Ex. 2 [B.M. Apr. 20, 2022 IEP] at PLTFS004952, PLTFS004965. | Disputed. Neither J.N. nor B.M. receive an abbreviated school day program placement as defined by ORS 343.161 or a shortened school day as defined by the Neutral Expert.<br><br>J.N. is in a full day behavior program based at an Educational Service District and B.M. is placed on home instruction. Wells Decl. ¶ 37. |
| 29. Oregon students who are the children of COPAA | Declaration of Selene Almazan-Altobelli, ¶¶ 14-21. | The cited evidence does not show that students who are the |

Page 9 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| members, or Oregon students whose parents are represented by COPAA members, have been subjected to SSDs or are at risk of being subjected to SSDs. | | children of COPAA members, or Oregon students whose parents are represented by COPAA members are currently experiencing an inappropriate SSD. *See* Almazan-Altobelli Decl. Exs 1, 5, 6, 7 (emails from August and September 2022 identifying potential class members); *id.* Ex. 2 (2019 email correspondences referencing Special Education Task Force Report and one child's response to hearing other "Oregon children speak in their own words about shortened days"); *id.* Ex. 3 (2018 email from COPAA member who has "run into the reduced school day option that schools locally seem to be using more and more often"); *id.* Ex. 4 (2018 email from COPAA member who has identified potential plaintiffs for lawsuit).<br><br>The numerous, proactive steps taken by ODE to implement key recommendations of the Neutral Report address any systemic risk that COPAA members may experience inappropriate SSDs. |
| **ODE's Knowledge and Failures** | | |
| 30. ODE has been on notice of the SSD problem for nearly a decade. | Ex. 3 [DRO 2013 Legislative Testimony]; Ex. 4 [Mar. 2017 meeting notes, ODE reports that DRO informed them of 15-25 calls a month regarding SSDs] at CPAA-ODE-000416; Ex. 5 [Shortened School Day Call Log for | To prevail, Plaintiffs must rely on current—not historical—facts. ODE is currently implementing a comprehensive approach to address the use of abbreviated school days by Oregon school districts, including issuance of |

Page 10 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
            MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
|  | Neutral Expert]; Ex. 6 [Feb. 2019 Emails to/from ODE Director Colt Gill]; Ex. 7 [Sept. 2018 Email to ODE staff Elliott Field]; Ex. 8 [Mar. 2019 Email from Bruce Baker, Oregon Office of Developmental Disability Services to ODE staff Jeremy Wells] at CPAA-ODE-005935; Ex. 9 [FACT Oregon Response to Information Requested July 1, 2021] (approximately 100 callers request support from FACT Oregon each year regarding SSDs). | guidance, data collection, pervasive training and professional development, and investment of resources into new technical assistance networks. Wetherell Decl. ¶¶ 6-17; Wells Decl. ¶¶ 8-36. |
| 31. ODE's internal communications show that the SSD problem was well-known and that ODE staff recognized that districts often lacked the resources to serve students with disabilities effectively. | Ex. 10 [Mar. 2017 Email from ODE staff Mike Franklin] (in ODE discussion of S.B. 263, states that "lack of resources" is "the primary problem"); Ex. 11 [ODE Senate Bill 263 Discussion] at CPAA-ODE-006322 and CPAA-ODE-006323 (districts don't "always follow[]" the protections against SSDs, "alternative placements . . . don't necessarily exist"); see also Ex. 12 [Mar. 2017 Email from ODE Staff Elliot Field] at CPAA-ODE-004509 (the "primary issue is lack of behavior-related resources/training and primary consequence is disruption/conflict with IEP team decision making"). | See response to ¶ 30. |
| 32. In 2017, Senate Bill ("S.B.") 263 was introduced in the legislative session. Through public testimony, other Oregon stakeholders | Ex. 13 [Feb. 2017 Youth, Rights & Justice Testimony in Support of S.B. 263]; Ex. 14 [Feb. 2017 IDD Coalition Testimony in Support of S.B. | See response to ¶ 30. |

Page 11 -  DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| alerted ODE to the problem of SSD use: they described SSDs as "vexing and longstanding," happening at "unprecedented rates," and "a widespread problem for Oregon students with disabilities." | 263]; Ex. 15 [Feb. 2017 FACT Oregon Testimony in Support of S.B. 263] at 2. | |
| 33. From December 2018 through January 2022, ODE call logs record 37 different inquiries related to SSDs. | Ex. 5. | See response to ¶ 30.<br><br>In addition, as part of its universal monitoring and supports, ODE receives phone calls from parents, school districts, advocates and provides technical assistance to callers to ensure that they have access to resources and information for problem solving and next steps. Wells Decl. ¶ 22. ODE tracks these calls in a call log; Between December 1, 2018, through the end of January 2022, ODE logged approximately 1,200 calls onto the call log. Wells *Id.* Of those 1,200 inquiries, approximately 37 related to SSDs. |
| 34. In October 2021, ODE received information regarding reduced school time for students with disabilities in the life skills programs of Clackamas and Lane County Educational Service Districts ("ESD"). | Ex. 16 [Deposition of Dr. Eric Wells] at 184:14- 186:25 (top ODE officials learned about the systemic use of SSDs by both Lane and Clackamas Education Service Districts ("ESDs") through email exchanges in October 2021); Ex. 17 [Wells Dep. Ex. 5]. | Undisputed. |
| 35. In November 2021, ODE received a phone complaint regarding the Lane County ESD Life Skills program. ODE did not formally investigate this complaint. | Ex. 5 at row 8. | Undisputed. |
| 36. ODE did not open an | Ex. 18 [Deposition of Tenneal | Upon learning of the life skills |

Page 12 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
              MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| investigation into this program until June 2022, after the Lane and Clackamas County ESD programs had received media and legislative attention. | Wetherell] at 92:15; Ex. 16 at 183:14-25. | programs at Lane and Clackamas ESDs, ODE met with both ESDs, provided technical assistance and asked for regular updates to their attempts to bring the programs back to full time in-person status. Wetherell Decl. ¶ 22, n.1. During the time period of October to June 2022, ODE was working to ensure adoption of OAR 581-015-2015, the state-level administrative rule that gives ODE authority to enforce general supervision requirements when lower-level interventions prove inadequate to address identified special education issues. *Id.* Upon adoption of this rule on June 23, 2022, ODE immediately moved forward with its investigations of Lake and Clackamas ESDs. *Id.* |
| 37. ODE also began an investigation into a similar practice by the Clackamas ESD in approximately June 2022. | Ex. 18 at 92:15. | Undisputed. |
| 38. Other than the Lane and Clackamas situations, ODE never opened any independent investigations of the SSD problems raised in those 37 inquiries. | Ex. 19 [Defs.' Resp. to Pls.' First Set of RFPs] at 8; see Ex. 5. | This fact is not supported by the cited materials and misconstrues the intent of the contact log, which is to provide technical assistance to callers to ensure that they have access to resources and information for problem solving and next steps. Wells Decl. ¶ 22. |
| 39. In December 2016, ODE staff were told that Douglas County ESD was operating an SSD program for at least 15 students for "behavioral reasons," and explaining "all | Ex. 20 [Dec. 2016 Emails re Douglas County] at CPAA-ODE-001873, CPAA-ODE-001875- CPAA-ODE-0018756. | See response to ¶ 30. |

Page 13 -  DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
     MATERIAL FACT

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| students [in the program] are on a reduced school day schedule in some way," with some only attending a few hours a day. The caller described the students as "feral." The district official told ODE that "we are not the only ones in the state doing this." ODE offered a "sit down" with the caller regarding Douglas County ESD program, but there is no evidence of any further ODE action. | | |
| 40. During ODE's investigation of a 2021 state complaint alleging systemic violations of law by both ODE and Klamath Falls City School District ("KFCSD"), ODE officials were informed that KFCSD had created its SSD program by "[m]imick[ing] half day programs from nearby districts." ODE did not conduct any investigation of the use of SSD programs elsewhere in nearby districts even though the routine use of SSDs in the Southern Oregon ESD STEPS Plus program was revealed as part of this investigation and later confirmed by ODE. | Ex. 21[Wells Dep. Ex. 3] at CPAA-ODE-026029; Ex. 16 at 61:8-21; 174:4-17 | Undisputed. |
| 41. ODE also had notice of the scope of the SSD problem through 25 state administrative complaints and four requests for due process hearings between January 2016 and October 14, 2022 regarding SSDs. | Ex. 22 [Defendants' Supplemental Interrogatory Responses] at 5 & 6. | See response to ¶ 30.<br><br>ODE's newly designed system of general supervision enhances ODE's ability to use dispute resolution data to inform other activities of general supervision, including monitoring activities and data |

Page 14 -  DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| | | collection requirements. Wells Decl. ¶ 13. |
| 42. ODE has had knowledge of the use of SSD in multiple school districts, including Medford, Brookings Harbor, North Wasco, and Grants Pass School Districts. | Ex. 5 at row 11-13 (Medford); Ex. 23 [Sept. 2021 Emails re Medford]; Ex. 24 [Oct. 2021 Emails re Medford Voicemail]; Ex. 25 [Sept. 2017 Email Chain re Medford]; Ex. 26 [ODE Overall District Count of SSDs, 2016-2020]; Ex. 27 [Brookings Harbor Corrected Findings of Fact, Conclusions ("FFC") and Final Order]; Ex. 28 [North Wasco FFC and Final Order]; Ex. 29 [Sept. 2019 Emails re North Wasco]; Ex. 30 [Grants Pass FFC and Final Order]; Ex. 31 [Feb. 2022 Emails re Grants Pass] at CPAA-ODE-019600. | ODE is requiring that every school district in Oregon—including Medford, Brookings Harbor, North Wasco, and Grants Pass School Districts—participate in focused monitoring related to abbreviated school day placements. Wells Decl. ¶¶ 24-25. ODE is further requiring that every school district in Oregon provide monthly data submissions regarding every student with disability in the district who has received an abbreviated school day program placement for more than 30 school days. *Id.* ¶¶ 28-29. ODE is in the process of developing a formal data collection on abbreviated school day program placements, with the goal of launching this data collection in the 2023-24 school year, which will apply to every school district in Oregon. *Id.* ¶ 30.<br><br>ODE is implementing a comprehensive systemic approach to address abbreviated school days in Oregon. Wetherell Decl. ¶¶ 6-17. |
| 43. Dr. Bateman found that Medford had the third-largest number of students on SSDs of any district in the state. In December 2022, 42 students in Medford were still subjected to SSD. | ECF No. 157-2, at 33-34; Ex. 32 [Abbreviated Day Informal Data Submission Summary, Oct., Nov., Dec. 2022]. | See response to ¶ 42. |

Page 15 - DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT

765162237

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| 44. Though Brookings Harbor School District was the subject of a state administrative complaint in 2017, which complaint included the use of SSDs with four students, the district's use of SSDs has barely fluctuated since that complaint. | Ex. 27 at 7 (students on SSDs that were 2 to 3 hours per day); Ex. 32 (in December 2022, Brookings Harbor School District still had 6 students on SSDs for 30 days or more). | See response to ¶ 42. |
| 45. More students have been subjected to SSD in North Wasco during the 2022- 2023 school year than prior school years. | Compare Ex. 32 with Ex. 26 (more students on SSDs in North Wasco in the 2022-2023 school year than in prior years). | See response to ¶ 42. |
| 46. More students have been subjected to SSD in Grants Pass during the 2022- 2023 school year than in prior school years. | Compare Ex. 32 with Ex. 26 (more students on SSDs in Grants Pass in the 2022-2023 school year than in prior years). | See response to ¶ 42. |
| 47. ODE considers SSDs to be the most restrictive school day program. | Ex. 33 [ODE, Abbreviated School Day Programs: Considerations for IEP Teams] at 7, Fig. 3. | Undisputed. |
| 48. ODE has not adopted many of the Bateman Report's recommendations. | See, e.g., Ex. 16 at 72:7-11, 75:4-6, 79:7-12, 80:13-22, 81:24-82:5, 83:1-6, 84:9-18; Ex. 18 at 207:1-7; 209:1-8; 212:2-17. | Disputed. ODE has adopted many of the Neutral Expert Report's Recommendations. Wetherell Decl. ¶¶ 6-18; Wells Decl. ¶¶ 5, 24-30. |
| 49. ODE has not adopted Dr. Bateman's recommendations about the additional personnel and resources needed to address SSDs. | ECF No. 157-2, at 51, 54; Ex. 16 at 75:4-6. | Disputed. ODE is actively building capacity, internally at ODE and through creation of statewide and regional support networks, to create additional personnel and resources to address SSD. Wetherell Decl. ¶¶ 14-17. |
| 50. Data collection initiated by ODE for the 2022-2023 school year related to SSDs only requires districts to report about students receiving SSD for 30 consecutive days or longer. | Ex. 18 at 82:6-17. | Disputed. The focused monitoring implemented in 2022-23 school year is for all students placed on abbreviated school day. Wells Decl. ¶¶ 24-25. |

Page 16 -  DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
        MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| | | For the separate, additional short-term data collection, ODE is requiring school districts to provide monthly data submissions regarding every student with disability in the district who has received an abbreviated school day for more than 30 school days. *Id.* ¶ 28. ODE selected 30 days because the Neutral Expert Report identified 30 days as an appropriate monitoring threshold. *See* Ex. 157-1 at 164 (recommending that school districts be required to report to ODE if a student is placed on SSD for 30 days or more); *id.* at 137-38 (identifying 30 days on an SSD as the trigger for providing intensive supports). |
| 51. ODE developed an Abbreviated Day protocol ("AD Protocol") that will cease to be used when ODE no longer designates SSDs as an "Emergent Area." | See Ex. 16 at 254:5-255:5; Ex. 18 at 75:3-7 (metrics to determine whether SSDs would be designated as the Emergent Area for subsequent school years not yet "contemplated"). | Disputed. ODE will continue to use the abbreviated school day program protocols, or individual standards drawn from it, in future school years, as it deems appropriate. Wells Decl. ¶ 27. Based on the results of the focused monitoring and the short-term data collection discussed below, ODE will decide whether abbreviated school day program placements will continue to be the emergent/emergency monitoring priority next school year or beyond. *Id.* |
| 52. Though the AD Protocol lists 25 yes/no "Record Review Items" for school districts to answer for each | Ex. 34 [Priority Area 6: Abbreviated Day, Wells Dep. Ex. 8]; Ex. 18 at 113:17-114:3. | Disputed. Wells Dep. at 113:17-114:3 does not support this fact. To the contrary, Abbreviated School Day |

Page 17 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
          MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| student placed on SSD, none of these items require school districts to provide information about whether the student is actually making progress. | | protocols require school districts to provide information about whether each student is actually making progress towards meeting her goals. Wells Decl. ¶ 25. |
| 53. ODE conducted a focused monitoring visit of Klamath County School District in October 2022, and produced a report in December 2022 detailing its findings. | Ex. 35 [Klamath County Findings Report], at CPAA-ODE-037317. | Undisputed. |
| 54. As part of its focused monitoring of Klamath County, ODE did not actually confirm that any students were on SSD. | Ex. 35 at 28-29 (stating that "ODE was unable to confirm" that four students were receiving "the total number of instruction hours . . . afforded to students without IEPs"). | Disputed. This fact is not supported by the cited evidence, which shows that ODE specifically assessed compliance with FAPE-10 (i.e., whether the student's school day/week include the total number of instructional hours (SDI & GE instruction) afforded to students without IEPs), identified noncompliance, and ordered corrective action to address it.<br><br>In addition, the focused monitoring in Klamath County was not intended to examine the use of abbreviated school day program placements because, like all Oregon school districts, Klamath County is participating in a separate focusing monitoring specific to abbreviated school days and that process is ongoing. Wells Decl. ¶¶ 24-25. |
| 55. Klamath County self-reported it had nine students on SSDs in October, November, and December of 2022. | Ex. 32. | Undisputed. |
| 56. As of January 30, 2023, | Ex. 18 at 74:8-75:2. | Disputed. ODE will continue |

Page 18 -  DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
          MATERIAL FACT
765162237

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| ODE had not yet decided whether it would continue any data monitoring of SSD beyond the end of the 2023 school year. | | monitoring through permanent data collection, abbreviated school day action team, and other mechanisms. Wells Decl. ¶ 30; Wetherell Decl. ¶ 15.  In addition, ODE will continue to use the abbreviated school day program protocols, or individual standards drawn from it, in future school years, as it deems appropriate.  Wells Decl. ¶ 27.   Based on the results of the focused monitoring and the short-term data collection discussed below, ODE will decide whether abbreviated school day program placements will continue to be the emergent/emergency monitoring priority next school year or beyond. *Id.* |
| 57. Oregon distributes federal special education funding to each school district proportionate to "the LEA's [school district's] number of children receiving special education services." | Ex. 36 [ODE, Federal IDEA Funding]. | Undisputed. |
| 58. The amount of funding a school district receives is not reduced if a student is on SSD. | See *id.* | ODE's administrative rule allows it to reduce funding if a district does not take require corrective action with respect to, among other things, inappropriate use of SSDs. ODE has determined that, as a policy matter well within its discretion, reducing a school district's funding should be a last resort, used only after other efforts to address identified inappropriate use of shortened school days has |

Page 19 -   DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF
              MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Asserted Undisputed Material Fact | Cited Evidence | State's Response |
|---|---|---|
| | | been identified. *See* OAR 581-015-2000(12) (allowing ODE to reduce funding if a school district does not take required corrective action). Plaintiffs' own expert supports this policy choice. *See* Englander Decl. Ex. 2 (Greenwood Dep. 69:5-9). |

DATED April 13, 2023.

                              Respectfully submitted,

                              ELLEN F. ROSENBLUM
                              Attorney General

                              *s/ Nina R. Englander*
                              CARLA A. SCOTT #054725
                              Senior Assistant Attorney General
                              NINA R. ENGLANDER #106119
                              Assistant Attorney General
                              Trial Attorneys
                              Tel (971) 673-1880
                              Fax (971) 673-5000
                              Carla.A.Scott@doj.state.or.us
                              Nina.Englander@doj.state.or.us
                              Of Attorneys for Defendants

Page 20 - DEFENDANTS' REBUTTAL TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACT
765162237
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000